Good morning, Your Honors. And may it please the Court, my name is Cheryl Canel Ruggiero, and I represent Appellant Anne Waisgerber in this case. I would respectfully reserve two minutes for rebuttal. All right. Watch your clock, because it winds down. Thank you, Your Honor. Justice was not served by the District Court in this case. As this Court has held on more than a couple of occasions, a dismissal without leave to amend is improper unless it is clear upon de novo review that the complaint could not be saved by any amendment. Well, you know the problem in this case, nobody showed up. I mean, there was no attempt to amend it, no request to amend it. Correct, Your Honor. So you can't say the District Court abused its discretion under those circumstances, can you? Yes, Your Honor, because How did the District Court abuse its discretion when nobody showed up and nobody asked for what you're now asking us for? Well, because, Your Honor, if I may, the Court still had an obligation to serve justice, and that means the Court still had an obligation to look at the First Amendment complaint and determine on its face whether a claim could be stated for relief. This is a First Amendment complaint, not an original complaint. Correct, Your Honor. The original complaint was filed where? In State Court. And then it was removed? Correct. So this is a First Amendment complaint. Is there a right to have a First Amendment complaint looked at in the way you describe to determine whether or not it might be amended? Yes, Your Honor. The First Amendment complaint was filed before the defendants, appellees here, had an opportunity to be served or respond to the original complaint. It is difficult to discern when looking at the original complaint what it was that was amended. And granted, the First Amendment complaint is somewhat incoherent to some degree under at least one of the causes of action. However, taking the facts, the enormous amount of facts that were contained in the First Amendment complaint, it still leads to what we would argue should be the decision that the facts did state claims under the causes of action set forth in the First Amendment complaint. Did that First Amendment complaint allege facts that would allow somebody to conclude this person was an employee as compared to simply a volunteer under the administrative code? Yes, Your Honor. What were the benefits that were supposedly conferred on her as a volunteer that would have made her an employee that appear in the First Amendment complaint? Well, one of the problems with respect to the First Amendment complaint is it only reflects some of the benefits that were obtained by the volunteer. For example? For example, the workers' compensation benefits, disability benefits. Those are contained in the First Amendment complaint. Where in the complaint are they? I'm sorry. Let me get the... I mean, yeah, exactly where are these benefits identified? Are we supposed to infer, given that she had this other full-time employment at the same time? I'm sorry, Your Honor? Are we supposed to draw inferences from this complaint? No, Your Honor. The complaint does state that Ann Raysgerber had gainful employment as a park ranger, a supervisor in the park ranger service, and she was a city of Los Angeles employee as a park ranger. However, that fact alone, we would argue, does not necessarily mean that she had the same rights as a reserve officer. However, as a reserve officer who, if we would be allowed to amend the complaint, would show she obtained numerous benefits... Yeah, where are those in the First Amendment complaint? I'm sorry. You told us the First Amendment complaint states the benefits in a way that would allow somebody to conclude that this person was an employee. Right. And I'm sorry that I don't have it at my fingertips. I mean, it's just claimed that she's an employee. Right. But I didn't see a big description of all of these benefits. Well, what I would state, Your Honor, and I probably would have to go through this more carefully, I apologize, but that, of course, leads me to argue that if we could amend it, many facts could have been... Yeah. Well, you've got the very curious situation here, as you know. The lawyer for this person had brain cancer, and one might infer that there was a problem going on with the thinking, and then she died and didn't make an appearance. So that makes this case very different from your standard case. Well, I agree, Your Honor, and I was trying to avoid getting into the unfortunate historical aspect of this case, just in case Your Honors thought it was irrelevant. Well, I think it's an equity in your favor. I agree, Your Honor, because what happened in this particular case, of course, is that Ann Weisgerber hired an attorney to pursue these rights that she believed she had. As one can see from the First Amendment complaint, there are some just typographical errors that should not have occurred, and it's not as coherent as one would like for a civil rights violation, First Amendment claim. So to what do we look to conclude that there are these conferred benefits that might make her an employee if they're not in the First Amendment complaint? Where are they? Well, I did request judicial notice of those, and that request was denied. But there are numerous places in the administrative code and in the federal and California law that shows that she's entitled to survivor benefits, disability benefits, scholarship funds up to $40,000 for herself. So here's where I'm getting a little confused about this whole discussion, because our analysis would be we'd have to look to see whether she was getting benefits in the office from which she was terminated, that we would have to do that as a matter of legal analysis. But the complaint does allege she's an employee of the city of L.A., and I don't see in Judge Rill's order any statement that he dismissed the complaint because she wasn't an employee. All I see is that he dismissed the complaint, and the only reason that he gives in the order is that there was no appearance on behalf of Plaintiff Ann Weisgerber. And so my question is, is that a sufficient reason for his having dismissed the complaint? Thank you, Your Honor. No, it isn't. In fact, the district court judge had an obligation, regardless of the non-appearance of counsel and the non-opposition, to state on the basis of his decision in summarily dismissing this case with prejudice. I'm trying to remember a case I wrote myself recently on Hanshian, and in that case we said you can't – is non-appearance a violation of the local rule? Yes, Your Honor. Well, I think we said in that case you can't dismiss solely because of a violation of the local rule. Correct. Are you familiar with that case? No, I've heard of the case, but I don't have it in front of me. Well, okay. I wrote it, but I don't remember exactly what the language was. But it was something to the effect that a district court cannot just dismiss a case based on violation of a local rule. And that's what appears to me to be the case here. Well, it also appears, Your Honor, that the violation of the local rule 7-3 that states that counsel are to meet and confer, if that violation hadn't occurred, perhaps the district court judge would have learned, because counsel would have learned, that Ann Weisgerber's attorney was dying of brain cancer, and perhaps then either a continuance could have been granted so that Ann Weisgerber could have gotten new counsel. So you're saying the city attorney's office failed to meet its obligation to meet and confer before filing its motion to dismiss? Absolutely, Your Honor. In fact, they admit that in their brief, that they failed to meet and confer. And, in fact, when they did attempt to meet and confer, it was the day before they actually filed the motion. So the motion was already done and was filed after they left a message with Ann Weisgerber's counsel, who now we know was gravely ill. And I think that because Ann Weisgerber's counsel was gravely ill and, in fact, died, unfortunately and untimely, shortly after this appeal was continued, Ann Weisgerber now is left with a First Amendment complaint that is somewhat sloppy and a district court judge who basically did not care for justice or her rights in trying to at least allow her to pursue her case on the merits. This was a motion to dismiss, not a motion for summary judgment. And I think that's critical here, because we don't know what the district court judge decided made his ruling on, whether he actually made it on a legal basis on the employment rule or the Section 1983, the Fourteenth Amendment, the lack of liberty, interest, right? We don't know. But clearly, there would be no prejudice to the opposing side for this case to be litigated on its merits and for a Second Amendment complaint to be allowed to be filed. All right. Well, you're over your time, counsel. Thank you, Your Honor. I wish to hear from the city. Good morning, Deputy City Attorney Paul Winnemore. On behalf of the defendants and respondents, City of Los Angeles, and Captain Sean Cain, may it please the Court. It's clear under the statutes that created the position of reserve officer that Wace Gerber was an at-will volunteer in her position as a reserve officer. Yes, she had employment with the city as a park ranger, but that's not the subject of this complaint. I'm not sure it's so clear from what we're supposed to just look at the complaint, right, on the 12b-6. And those matters with which the Court may take judicial notice, and the district court did take judicial notice of the sections. How do we know? We didn't say that in this order. The order states that the district court considered all the matters submitted to it. It states that. And you know that because you wrote it, right, and submitted it to him, or one of your employees. I don't know if we wrote it or not. Well, it looks like it's proposed order granting. It looks like it was submitted by you. After consideration of the briefs and all other matters presented to the Court. That's the language you're looking for? Yes, Your Honor. I don't know who drafted that language. But we did request judicial notice. But we don't know the reason. One of the problems with orders in this form is, and this particular district judge does it often, he doesn't really tell us the particular reason for his decision. Because in the line before that, he says there was no appearance on behalf of Plaintiff Ann Weis-Gerber. So we don't know if that was really the reason. Or, I mean, I don't know really whether I should be reviewing that as a basis. Or whether I should be reviewing all the other papers, which, you know, our court is frowned upon, because we're not supposed to be doing the district court judge's work and trying to ferret out the reasons. Well, here, the resolution of that conundrum is a consideration of what would occur if this court were to reverse and remand. What would occur is they would file an amended complaint. We'd submit the same statutory provisions that state that she's a volunteer. She cannot plead around the fact that she's a volunteer as a reserve officer. Are you saying that's the end of it? The administrative code ends it no matter what benefits are conferred upon her outside of that? Because that's not the law. No, Your Honor, I didn't. You have to look to the other benefits. My point was that Fine, we concede that she's designated as an at-will volunteer, non-employee by the administrative code, but then you have to go beyond that and look at all the other considerations. Isn't that right? Under federal law, under the common law of agency, this court, I think, could do that. And that's what we're supposed to use is the federal common law of agency, according to the Supreme Court. As to the federal causes of action, Your Honor, as the state causes of action, employment by a public entity in California is by statute and not by contract. And the statutes are clear that she is a volunteer. Well, what about, let's stick with the federal causes of action right now. Let's consider what benefits could be all the information that appellant has provided as reasons or facts that could be amended or could be included in an amended complaint. None of those benefits are the kind of benefits that create an employee status. She gets a stipend of $50 a month for expenses. Right. That's to clean the uniform, keep the gun clean, keep her equipment that she has provided, which is a property of the city. Well, she is a peace officer under 830.6. Yes, Your Honor. And if a peace officer is killed in a line of duty, are there any benefits that attach to that? There are benefits. Scholarship for children. Let's look at where those benefits are derived from. Those benefits are not directly paid by the city of Los Angeles as an employer to an employee. Should we get workers' compensation benefits? But the California Supreme Court has stated that workers' compensation benefits are indemnification for injuries sustained. They are not compensation for services performed. Okay. Move to the scholarship. The scholarship is not something paid by the city. That's pursuant to a statute or pursuant to federal regulations. This is not the kind of benefit that an employer is conferring upon an employee. So those do not create employment status. The key factor under the federal common law standard and under state law as well is whether or not the individual is receiving compensation for services performed. And here it is clear that she is not. Without compensation. So that's a benefit without compensation is your argument. It is a benefit that is not compensation for services performed. It's for injury or death that's received. Obviously we don't want reserve officers out there in the street that sustain a life-altering injury or death and just say, well, you're a volunteer so you get nothing. So you'd make the same argument with respect to the public, to the death benefits that go to a public safety officer. And those are not conferred by, yes, I'd make the same argument, Your Honor, and I'd also look at where are those benefits coming from. They're not being paid by the city. They're pursuant to statute. The kind of financial benefits that we would be considering in reviewing under the federal standard would be financial benefits for services performed. The kind of benefits that she wants to amend her complaint to plead are benefits that are not for services performed. They're for injury or death received. Now, did you get to the point where you made this argument in front of the district court to the point where he looked at, you know, these other kinds of benefits and had any opportunity to consider whether they were sufficient to put her into an employment capacity? I apologize, Your Honor. I was not the attorney that was handling the trial court matter, and I cannot answer that question. Is it in the papers below? Whether or not it was. Because I think that's really the interesting issue. That's the important issue in this case. I'm just wondering if it was even presented to them. Well, what was in the papers below were the statutory provisions, the Los Angeles codes provisions, that create and establish the position that define what benefits are available in terms of workers' compensation. Now, that definition is the only benefit, if you want to call it a benefit, but it's not for services performed. And it's clear in the statute. The language of the statute makes it clear that that is the case. Well, I know that's, again, that statute does. You're right. But then there's the counterargument and how we look at it under Federal law, and I'm just wondering if that was before the district court. I mean, if you know. I do not know. I know that the statutory provisions were. Right. They requested judicial notice of those provisions. And, of course, this court can take judicial notice as well. And did their opposing counsel submit anything to counter that? Apparently they did not. They did not appear at the hearing. And you said you weren't the lawyer. The lawyer who actually did this did not try to meet and confer with. There was a phone call that was placed. The day before. I believe so, Your Honor. It was untimely. You see that in our papers that it was untimely. And it wasn't returned. It was not returned. And, in fact, this case having been removed to Federal court, one would expect that an attorney diligently prosecuting an action against another party would expect that the city would file either an answer or a motion to dismiss within the statutory. Right. But we had a dying attorney. Call to see what is occurring on the case and then make an appearance and say, Your Honor, we never got the notice. We never got the phone call, whatever. So let me tell you. My feeling about this case is that I don't know the answer to the question about whether or not the benefits that Ms. Weiss Gerber was getting would rise to the employment situation under Federal law. And I suspect that the district court didn't consider that question. And the reason the district court didn't consider that question was because the counsel for the opposing side was fatally ill. And that's very troubling. I think we can resolve that by looking at what kind of benefits are they. Are they compensation for services? If they are not, then under Federal law, they are not benefits, financial benefits that create an employee status. And there would be a futility of amendment to allow that. Is it the job of the circuit to do that fact finding and make a finding as to whether or not there are benefits? Or shouldn't that properly be done at the district court level first? We don't know what initiative or ingenuity might be generated by this new attorney who would take it over. We can't predict what's going to happen on an amendment. I've learned that from experience. You don't predict what ingenious things can happen. Are we supposed to do that exercise? Or shouldn't we let a district court do that? Well, we don't know if the district court did it. You have DeNova review. Weiss Gerber cannot plead around the fact that she's a volunteer employee. Well, isn't that the issue? Isn't that really the issue? Are we supposed to assume that as a given? If you consider all the facts for which you would seek to amend the complaint, none of those facts create an employee status. So allowing that amendment would be futile. And this court does not allow futile amendments. So despite the fact that there was no appearance by Weiss Gerber's counsel at the hearing, despite the fact that the district court did not delineate its reasoning in its order, even if this court would allow amendment, that amendment would be futile because those facts do not create an employee status. All right. Thank you, counsel. You're over your time, but you can have one minute because the city attorney went over a little bit too. Thank you, Your Honors. Just one point about the remuneration. Counsel stated that some of these benefits aren't conferred by the city of Los Angeles itself. However, as stated in the reply brief, the Omnibus Crime Bill is specifically stated by the L.A. Police Department to apply to its reserve police officers. So it does in some way incorporate these federal benefits to scholarship funds, including $40,000 to the reserve officer. These are all things that would be included in a second amended complaint, and perhaps later on a motion for summary judgment would maybe finally resolve this issue, which hasn't been resolved in California yet, whether these level one reserve police officers who have all the burdens of employment but apparently none of the fundamental rights. You say it hasn't been resolved in California. Are you saying this is a question of first impression in the Ninth Circuit? Yes, Your Honor. There is a case in New York that I cited, the Pietras case, that talks about a probationary female firefighter who presented some of the similar issues, and they found that there was an admission that there was no remuneration and that the benefits that would have allowed an employment relationship to exist probably didn't exist in that case. But, again, the court is to look at agency theories as well as statutes. Well, Pietras, that's a student work study program case, wasn't it? Oh, I'm sorry. Maybe I'm thinking of the firefighters case. Havistola? I'm sorry? Well, you have a number of cases. Right. The Pietras case talks about what, and I thought that was the firefighter case, but it could have been the case that cites Pietras, the New York case. But grants have been nice. Well, you could have an issue of fact as to whether the person is employee at the very least. And that's our contention, Your Honor, that it is an issue of fact. It's an issue that's more appropriate for the district court to decide on either a motion for summary judgment or pretrial motions, not with a motion to dismiss without some sort of ruling that those issues were taken into account and decided upon as a matter of law. All right. Thank you, counsel. Thank you, Your Honors. Ways Gerber v. City of Los Angeles is submitted, and we'll take up.
judges: Brewster, Trott, Wardlaw